UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x

THE HONGKONG AND SHANGHAI
BANKING CORPORATION LIMITED,

        MEMORANDUM AND ORDER

    Plaintiff,

- against -

        Civil Action No.
        04-CV-4994 (DGT)

YUSUF SUVEYKE,

    Defendants.

------------------------------------------------x

TRAGER, J.

    Plaintiff, The HongKong and Shanghai Banking Corporation Limited ("HSBC"), seeks to enforce the terms of a guarantee agreement against defendant, Yusef Suveyke ("Suveyke"), guarantor of the agreement. (Compl. ¶ 8.) Defendant moves to dismiss the action on the ground that the court lacks jurisdiction because the agreement contains a forum selection clause which confers jurisdiction upon the courts of the Philippines.[1] (Mot. to Dismiss ¶ 2.)

---

[1] Defendant also asserts that <u>forum non conveniens</u> is a basis for dismissal, but does not support this argument, effectively abandoning it. It is, therefore, not addressed in this opinion.

1

**Background**

HSBC extended banking facilities to Karayom Garment Manufacturing, Inc. ("Karayom") by providing Karayom working capital, loans and advances. (Compl. ¶ 4; Joint and Solidary Guarantee For Banking Facilities Extended To Karayom Garment Manufacturing Inc dated April 4, 2000 (hereinafter, "Contract") ¶ 1.) Both corporations are principally located in the Philippines. (Compl. ¶¶ 1, 4.) Suveyke, a New York resident, entered into an agreement with HSBC guaranteeing Karayom's obligations. (Compl. ¶ 5; Contract.) Karayom defaulted in making payments due pursuant to the loans and credits extended by HSBC. (Compl. ¶ 6.) HSBC demanded that Suveyke honor the terms of the guarantee, but Suveyke failed to do so. (Compl. ¶ 7.) Subsequently, HSBC filed a complaint in this court seeking to enforce the guarantee agreement. (Compl. ¶ 8.)

Suveyke moves to dismiss on the basis that the court lacks jurisdiction because the guarantee agreement contains a forum selection clause conferring exclusive jurisdiction upon the courts of Makati, Metro Manila, Philippines. (Mot. to Dismiss ¶ 2.) The agreement provides in pertinent part that:

> 13. Any lawsuit arising from, or in connection with, this guaranty shall be instituted with the competent courts of Makati, Metro Manila, Philippines.

>    14.  Any notice or demand upon GUARANTOR shall be presented to the address hereinafter indicated: Provided [sic] however, that in case of any lawsuit arising in the Philippines relating to this GUARANTEE, GUARANTOR hereby irrevocably appoints the President or Corporate Secretary of BORROWER to receive service of process from the courts of competent jurisdiction, and any such service of process on either of them shall be deemed a valid service on GUARANTOR.
>    15.  This guarantee and all rights, obligations and liabilities arising hereunder shall be construed and determined under, and may be enforced in accordance with, the law of the Philippines.

(Contract ¶¶ 13-15.)

HSBC argues that the language used in the forum selection clause is permissive and not exclusive. HSBC further argues that it should be allowed to maintain this action against Suveyke in the Eastern District of New York, rather than the Philippines despite the fact that HSBC is incorporated in the Philippines and HSBC itself drafted the agreement. (Aff. of Att'y for Pl. in Resp. of Mot. to Dismiss Pl.'s Compl. ¶ 6.)

## Discussion

### (1)

Circuit courts have not reached consensus as to whether motions to dismiss based on a forum selection clause should be decided under Rule 12(b)(6) or Rule 12(b)(3). New Moon Shipping

3

Co. v. Man B&W Diesel AG, 121 F.3d 24, 28 (2d Cir. 1996) (noting "there is no existing mechanism with which forum selection enforcement is a perfect fit"). Here, applying either rule, the result is the same. No materials were submitted which are outside the pleadings, sometimes considered a trigger for evaluating the case under 12(b)(3). Cf. Cuno, Inc. V. Hayward Indus. Prod., Inc., No. 03 Civ. 3076 (MBM), 2005 U.S. Dist. LEXIS 8886, at * 1 n.1 (S.D.N.Y. May 11, 2005) (applying Rule 12(b)(3) because parties submitted materials outside the pleadings); but see Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (considering documents referenced in the pleadings or that are integral to it in a Rule 12(b)(6) motion to dismiss). While neither procedural mechanism is a good fit, the Supreme Court has clearly laid out the standard for evaluating forum selection clauses. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972).

**(2)**

International forum selection clauses are presumed to be valid. M/S Bremen, 407 U.S. at 15. Furthermore, a forum selection clause should be enforced unless the party opposing enforcement can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such

reasons as fraud or overreaching."  Id.; see also Convention on Choice of Court Agreements art. 3(b), *concluded, but not ratified* June 30, 2005, http://www.hcch.net/index_en.php?act=conventions.text&cid=98 (stating "a choice of court agreement which designates the courts of one Contracting State or one or more specific courts of one Contracting State shall be deemed to be exclusive unless the parties have expressly provided otherwise").  HSBC does not challenge the validity of the forum selection clause, but, as the party opposing enforcement, HSBC bears the burden of proving that venue is proper and must overcome the presumption that the clause is enforceable.  New Moon Shipping Co., 121 F.3d at 29.

In addition to this burden, here, HSBC also drafted the contract.  While the contract is to be interpreted under the law of the Philippines, United States contract law provides that a court should construe ambiguous language against the interest of the party that drafted the contract.  Mastrobuono v. Shearsn Lehman Hutton, 514 U.S. 52, 62 (1995); see also Semmes Motors, Inc. v. Ford Motor Co., 429 F.2d 1197, 1207 (2d Cir. 1970); Restatement (Second) of Contracts § 206 (1981).  HSBC has submitted no evidence that the law of the Philippines differs in this respect.

5

HSBC argues that the forum selection clause should not be enforced because the language is only permissive and, in the absence of exclusive language, may not be interpreted as mandatory. Relying on John Boutari & Sons, Wines & Spirits, S.A. v. Attiki Importers & Distribs. Inc., HSBC argues that the contract did not have sufficient language to indicate the parties' intent to select the Philippines as the only forum. John Boutari & Sons, Wines & Spirits, S.A. v. Attiki Importers & Distribs. Inc., 22 F.3d 51, 52-53 (2d Cir. 1994) (finding "[w]hen only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive, [unless] mandatory venue language is employed" (internal quotation omitted)).

This case differs from John Boutari & Sons, Wines & Spirits, S.A. in several significant ways. In John Boutari & Sons, Wines & Spirits, S.A., the defendant waited until summary judgment to file its motion to dismiss. Here, Suveyke moved for dismissal on the basis of the forum selection clause at the beginning of the litigation process. Unlike in John Boutari & Sons, Wines & Spirits, S.A., the court and parties have not already invested significant resources into litigating the case in this forum. Id. at 53.

Moreover, in this case, the contract not just specifies jurisdiction, but also specifies the forum or venue by identifying a particular court. The contract states, "[a]ny lawsuit ... <u>shall be instituted</u> with the competent courts of Makati, Metro Manila, Philippines." (emphasis added). This language, specifying the venue, has the equivalence of mandatory language. <u>John Boutari & Sons, Wines & Spirits, S.A.</u>, 22 F.3d at 53; <u>see also</u> <u>Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs.</u>, No. 04 Civ. 4991 (RJH), 2004 U.S. Dist. LEXIS 20977, at *19, (S.D.N.Y. October 19, 2004) (holding that "the language 'any proceeding shall be initiated in the courts of the State of New York,' clearly establishes exclusive jurisdiction in New York state courts"). Unlike the contractual language in <u>John Boutari & Sons, Wines & Spirits, S.A.</u>, which merely granted jurisdiction to a foreign court, this language specifies the venue of all lawsuits under the contract.

Furthermore, the use of the word "shall" is a clear indication of mandatory, rather than permissive language. <u>John Boutari & Sons, Wines & Spirits, S.A.</u>, 22 F.3d at 53; <u>see also</u> <u>ASM Commc'ns Inc. v. Allen</u>, 656 F. Supp. 838, 839 (S.D.N.Y. 1987) (explaining that "common usage and understanding, the word "shall" signifies a command"). Moreover, this language is

applied toward venue rather than jurisdiction and is an additional indication that the parties intended to have mandatory, exclusive jurisdiction in the Philippines. See Baosteel Am. Inc. v. M/V Ocean Lord, 257 F. Supp. 2d 687, 689 (S.D.N.Y. 2003) (finding "shall" to denote exclusive jurisdiction; see also Phoenix Global Ventures, LLC, 2004 U.S. Dist. LEXIS 20977, at *19, (S.D.N.Y. October 19, 2004).

Paragraphs 14 and 15 of the agreement provide further evidence of the parties' intent to make jurisdiction exclusive. These paragraphs create a method for service of process in the Philippines and require the contract to be interpreted under Philippine law. This additional language solidifies the parties' intention to create mandatory exclusive jurisdiction. MacSteel Int'l USA Corp. v. M/V Spar Two, No. 00 Civ. 9663 (JSR), 2002 U.S. Dist. LEXIS 5127, at *3, 4 (S.D.N.Y. March 26, 2002) (noting the use of the word "shall" and a second reference to the forum conferred exclusive jurisdiction).

In light of the parties' intent and the plain meaning of the forum selection clause, it would be improper to determine that the forum selection clause is merely permissive. HSBC has not met its burden of proving that venue is proper and that the forum selection clause should not be enforced.

**Conclusion**

Accordingly, defendants' motion to dismiss is granted for lack of jurisdiction pursuant to the forum selection clause in the guarantee agreement.  The Clerk of the Court is directed to close this case.


Dated:  Brooklyn, New York
        October 14, 2005

                                    SO ORDERED:


                                    ___/s/_____
                                    David G. Trager
                                    United States District Judge